NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UMER DARR, | : | |
| Petitioner, | : | |
|  | : | Civil Action No. 06-608 (JAG) |
| v. | : | |
|  | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion, pursuant to 28 U.S.C. § 2255, by Umer Darr ("Petitioner") to vacate his sentence. Petitioner contends that the ineffectiveness of his attorney through his plea agreement negotiations and sentencing prevented him from enjoying his right to assistance of counsel in his defense, as guaranteed by the Sixth Amendment, and that this ineffectiveness induced him to agree to a waiver of his right to appeal, thus invalidating the waiver. Petitioner would have this Court declare the waiver invalid and vacate his sentence. For the reasons set forth below, this Court finds that Petitioner's claims regarding ineffective assistance of counsel are without merit. Petitioner's motion will be denied.

**BACKGROUND**

On April 21, 2005, Petitioner pled guilty to conducting an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. The Presentence Investigation Report maintained that Petitioner's offense level should be 26 and that no downward departures should be granted.

1

Petitioner's counsel, on the other hand, argued in a letter to this Court that the offense level should be reduced by three levels for acceptance of responsibility, and by an additional two levels for minor role. (Pet'r's Br. Ex. D; see Perlmutter Cert. ¶ 14.) The Government, at the sentencing hearing, consented to the three-step downward departure for acceptance of responsibility and this Court subsequently granted Petitioner's request. (Sentence Tr. 16:7-8, Sept. 19, 2005.) The departure set the offense level at 23. (Sentence Tr. 16:10.) This Court declined to grant a downward departure for minor role. (Sentence Tr. 13:12-13.)

The plea agreement entered into by Petitioner stipulates that the right to appeal is waived if the sentence falls within the range of level 21:

> Umer Darr knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 28 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 21.

(Plea Agreement, Schedule A ¶ 9.)

The sentencing range for an offense level of 23 is 46 to 57 months. This Court sentenced Petitioner to the minimum of 46 months, rejecting Petitioner's request to increase the sentence to 46 months and one day. (Sentence Tr. 32:21-22.) The 46-month sentence is significant because, under the plea agreement, it impacts Petitioner's right to appeal or collaterally attack his sentence. An offense level of 21 carries with it a sentence range of 37 to 46 months; therefore, the 46-month sentence imposed by this Court fell within the range of level 21 and, under the plea agreement, functioned to trigger the waiver. (Id.)

Petitioner now brings this collateral attack under 18 U.S.C. § 2255, asserting that his

sentence should be vacated because he did not enjoy adequate legal assistance as required by the Sixth Amendment. Specifically, Petitioner alleges that Marshall A. Mintz, his counsel through his plea agreement and at sentencing, failed to properly explain the waiver provision. (Pet'r's Br. 2.) Mr. Mintz, in a certification submitted to this Court, represents that, while negotiating the terms of the plea agreement, he believed that the waiver provision would only be triggered if this Court determined the applicable offense level to be 21, and would not be triggered if the time of the sentence imposed under a different guideline level merely fell within the range of an offense level 21, as stipulated in the plea agreement. (Mintz Decl. ¶ 16.) Mr. Mintz certified that he advised his client based on this misunderstanding until he finally realized the correct meaning of the provision at the end of Petitioner's sentencing hearing. (Mintz Decl. ¶ 18.)

## LEGAL STANDARDS

**I.      Habeas Corpus Motion Attacking Sentence**

Section 2255 allows a prisoner in custody to file a petition for a writ of habeas corpus with the sentencing court on the grounds that: (1) the imposed sentence violated the United States Constitution or laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds. 28 U.S.C. § 2255. "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). Unless the record before the Court "conclusively shows that the prisoner is entitled to no relief," the Court must conduct a hearing and make determinations of fact and law in relation to the claim. 28 U.S.C. § 2255.

**II.     Waiver of Right to Appeal and Collaterally Attack the Sentence**

Waivers of appeals that are entered into knowingly and voluntarily are valid unless they work a miscarriage of justice. United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001). While the Third Circuit has not ruled on the enforceability of waivers of collateral attacks, the logic of Khattak is as applicable here as it is to appeals.

**III.    Ineffective Assistance of Counsel**

To show that the right to effective counsel has been violated, a petitioner must satisfy a two-prong test.  First, he must show that counsel's performance was "deficient," meaning that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v Washington, 466 U.S. 668, 687 (1984).  In other words, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." Id. at 688.  Second, he must show that he was "prejudiced" by the deficient performance. Id. at 687.  That is, he must show that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  Regarding advice given by counsel in the context of guilty plea discussions, the focus in applying the prejudice prong of the Strickland standard must be on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

## DISCUSSION

Petitioner argues that his counsel's failure to advise him that he would be waiving his

4

right to appeal if the Court sentenced him as a level 23, but within the range of a level 21, deprived him of his constitutional right to effective assistance of counsel. He asserts that his waiver of his right to appeal and collaterally attack his sentence was the product of this ineffective counsel, and that the waiver is invalid because he did not agree to it knowingly and voluntarily.

I.	**Petitioner Has Waived His Right to Appeal and Collaterally Attack His Sentence**

This Court finds that the record indicates that Petitioner entered into the waiver provision of the plea agreement knowingly and voluntarily. Petitioner presents no argument that upholding his waiver would constitute a miscarriage of justice. However, because Petitioner claims that he was led to agree to the waiver based on misinformation from his attorney, this Court will address the merits of his ineffective assistance of counsel claim.

II.	**Petitioner's Right to Effective Assistance of Counsel Was Not Abridged**

This Court concludes that Petitioner's right to effective assistance of counsel was not abridged because Petitioner did not suffer prejudice from his counsel's alleged failings.

Because this Court finds that Petitioner was not prejudiced by counsel's alleged errors, this Court need not decide whether counsel was deficient under the first prong of the Strickland test. Indeed, where there is a lack of prejudice, examining the deficiency prong of the test has been explicitly discouraged by the Supreme Court of the United States. As the Court stated in Strickland:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should

be followed.

466 U.S. at 697.

Under the second prong of the Strickland test, which asks whether Petitioner suffered prejudice from his attorney's deficiency, this Court finds that Petitioner fails.

Petitioner alleges that he suffered prejudice from the alleged errors of his counsel because he lost his right to file an appeal of his sentence. Petitioner goes into great detail in his brief concerning the merits of an appeal. He notes that such an appeal would seek to challenge this Court's decisions not to grant a downward departure for minor role or to consider the family circumstances asserted by Petitioner at sentencing. This Court will not consider the merits of Petitioner's potential appeal in determining whether he suffered prejudice. The relevant case law, as demonstrated by Strickland, 466 U.S. at 694, and Booth, 432 F.3d at 546, makes clear that the "result of the proceeding" language in Strickland does not include proceedings which have not yet taken place. Therefore, this Court will restrict its analysis to the result of the sentencing proceeding and will only examine whether there is a reasonable probability that the result of that proceeding would have been different but for counsel's alleged errors.

Petitioner seeks to convince this Court that, absent the alleged ineffectiveness of his counsel, he "would have obtained a different result in that his right to appeal would have been retained." (Pet'r's Br. 10.) Petitioner has not shown that there is a reasonable probability that, but for his counsel's errors, the result of the sentencing proceeding would have been different. See Strickland, 466 U.S. at 694. Petitioner did not seek to retain his right of appeal through his plea and at sentencing. Indeed, Petitioner's counsel argued for downward departures which would have resulted in an offense level of 21. Such a result would have involved a waiver of

Petitioner's right to appeal and a possible prison term of 46 months, the very sentence that Petitioner received.  Petitioner expressly asked for the outcome that he received.  There is no reason to believe that any misunderstanding impacted the outcome of the sentencing.

Because Petitioner has not met his burden of showing that there is a reasonable probability that, but for counsel's alleged errors, the result of the sentencing proceeding would have been different, this Court finds that Petitioner did not suffer prejudice from his counsel's alleged mistakes.  Petitioner has made no argument that he would have been sentenced to less time in prison but for his counsel's alleged errors.

This Court finds that the record conclusively shows that Petitioner is not entitled to relief based on his claim of ineffective assistance of counsel.  No hearing need be held and no writ of habeas corpus, pursuant to 28 U.S.C. § 2255, will issue.

## **CONCLUSION**

For the reasons set forth above, this Court concludes that Petitioner has not shown that ineffective assistance of counsel invalidates the waiver provision in his plea agreement nor does it give grounds to vacate his sentence.  Therefore, Petitioner's motion for a writ of habeas corpus, pursuant to § 2255, is denied.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue, pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 14, 2006

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.